**BING MIAN LU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 03–40528–ag.**

United States Court of Appeals, Second Circuit.

March 13, 2008.

Karen Jaffe, New York, NY, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania (Virginia A. Gibson, J. Alvin Stout, III, Gregory A. Paw, Assistant United States Attorneys, on the brief), Philadelphia, PA, for Appellee.

Amicus Curiae: Megan B. Rosselle, Kirkpatrick & Lockhart Preston Gates Ellis LLP (Douglas F. Broder, on the brief), New York, N.Y. in Support of Petitioner.[2]

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[3]

**SUMMARY ORDER**

Petitioner Bing Mian Lu, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of Immigration Judge ("IJ") Philip L. Morace rejecting the Petitioner's application for asylum, withholding of removal,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

2. The Court expresses its gratitude to the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP, and to attorneys Douglas F. Broder

and Megan B. Rosselle for accepting our appointment as *amicus curiae* in support of Petitioner on a *pro bono* basis.

3. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotations omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly). This Court analyzes whether "the IJ has provided 'specific, cogent' reasons for [an] adverse credibility finding and whether those reasons bear a 'legitimate nexus' to the finding." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (quoting *Secaida–Rosales*, 331 F.3d at 307 (internal quotations omitted)).

In this case, the IJ's adverse findings, relating principally to material inconsistencies and implausibilities in the record, were supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *see also Zhou Yun Zhang*, 386 F.3d at 71 ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). The inconsistencies and implausibilities included: (1) the inconsistency between Lu's application for asylum, which stated that twelve people were arrested in October 1999, and Lu's testimony, that only six or seven of the

dozen practitioners were arrested; (2) the implausibility that Wonbejoe's statement did not mention that he was arrested with Lu in October 1999, or that he was questioned by the police about Lu's whereabouts, though Lu testified that both of these events occurred; (3) the implausibility that Lu applied for an ID card, which his parents obtained for him without difficulty, even though Lu was being sought by the police; (4) the implausibility that Lu would be released from jail even though he did not sign the document stating he would no longer practice Falun Gong; and (5) the omission in his port of entry interview of any mention of Falun Gong.

Additionally, Lu has also failed to demonstrate a "clear probability of a future threat" so as to be eligible for withholding of removal, *Secaida–Rosales*, 331 F.3d at 306, and with regard to Lu's CAT claim, the record does not demonstrate that there is any likelihood that Lu would be tortured if he returned to China, *see Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 134 (2d Cir.2003).

Accordingly, for the reasons set forth above, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.